STATE OF INDIANA, ALCOHOLIC BEVERAGE
COMMISSION *v.* BLAKE.

[No. 19,831. Filed February 25, 1963.]

*Edwin K. Steers*, Attorney General, *Harold Kohlmeyer* and *Paul H. Frazier*, Deputy Attorneys General, for appellant.

*Kelley, Arnold & Kelley* and *Vincent Kelley*, of Anderson, for appellees.

RYAN, J.—The appellee filed his application on Form 9 for workmen's compensation for injuries which allegedly were occasioned while the appellee was in the employment of the appellant. Appellant filed a special answer, which in substance alleges that the appellee was intoxicated at the time of the accident and that such intoxication, with the resulting impairment of his faculties, was the proximate cause of the accident. A hearing was had before a single member of the Board, and compensation was awarded. The appellant filed its application for a review by the Full Board, and the Full Board affirmed the award of compensation. From such award the appellant now appeals.

Appellant's argument is twofold, one being that the only issue of fact for determination was whether or not the appellee was intoxicated at the time of the accident, and that the Board failed to make a specific finding on such question, and secondly, that the evidence is not sufficient to sustain such award.

As to appellant's first contention, the Board included in its finding the following language:

"It is further found that at the time of the said accidental injury the plaintiff was not intoxicated . . . ".

Appellant urges, however, that it was necessary for the Board to determine in their own minds the

amount of alcohol which had been consumed by the appellee, and since they would have to determine this question in their own minds that determination should be included in the finding upon which they based their award. The requirement on the Board to make findings serves the purpose of enabling the court on review to determine if there was proper foundation for the award. To a great extent our courts have perhaps not required the precision in such findings which might be desirable. See Small's *Workmen's Compensation Law of Indiana*, §12.7.

However, in this particular instance it seems only reasonable that the finding by the Board that the appellee was not intoxicated sufficiently covers the subject, and we see no compelling reason to require the Board to spell out each and every separate and specific evidentiary fact which led to its finding of the ultimate fact that appellee was not intoxicated. *Sollitt Construction Co. Inc.* v. *Walker et al.* (1956), 127 Ind. App. 213, 135 N. E. 2d 623.

As to the appellant's second contention, that the evidence does not sustain such award, a recitation of such evidence would serve no great purpose and would merely prolong this opinion. Suffice it to say that a rather careful study does not compel us to reverse such award, since the evidence was in conflict and there is competent evidence, in our opinion, to support such award.

The award of the Board is therefore affirmed.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 116.